# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| KIMBERLY K. MONA, on behalf of herself and others similarly situated, | Civil Action No. 2:18-cv-12848 |
| Plaintiff, | **COMPLAINT - - CLASS ACTION** |
| v. | **JURY TRIAL DEMANDED** |
| MCNEELY LAW GROUP, P.C., | |
| Defendant. | |

## NATURE OF ACTION

1. This is a class action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., for the benefit of Michigan consumers who have been the subject of debt collection efforts by McNeely Law Group, P.C. ("Defendant").

2. Congress enacted the FDCPA in 1977 to "eliminate abusive debt collection practices by debt collectors," 15 U.S.C. § 1692(e), and in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which Congress found to have contributed "to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

3. As the Consumer Financial Protection Bureau ("CFPB")—the federal agency tasked with enforcing the FDCPA—explained, "[h]armful debt collection practices remain a significant concern today. In fact, the CFPB receives more consumer complaints about debt collection practices than about any other issue."[1]

---

[1] *See* Brief for the CFPB as Amicus Curiae, ECF No. 14 at 2, *Hernandez v. Williams, Zinman, & Parham, P.C.*, No. 14-15672 (9th Cir. Aug. 20, 2014),

1

4.      And over one-third of those complaints involve debt collectors' attempts to collect debts that consumers did not owe.[2]

5.      To combat this serious problem in the debt collection industry, the FDCPA requires debt collectors to send consumers "validation notices" containing certain information about their alleged debts and their rights with respect to those debts. 15 U.S.C. § 1692g(a).

6.      A debt collector must send this notice "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt," unless the required information was "contained in the initial communication or the consumer has paid the debt." *Id.*, § 1692g(a).

7.      Pertinent here, the validation notice must advise the consumer of "the name of the creditor to whom the debt is owed." *Id.*, § 1692g(a)(2).

8.      Congress adopted "the debt validation provisions of section 1692g" to guarantee that consumers would receive "adequate notice" of their rights under the FDCPA. *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000).

9.      As noted by the CFPB and the Federal Trade Commission, the validation notice requirement was a "significant feature" of the law that aimed to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." *Hernandez v. Williams, Zinman & Parham PC*, 829 F.3d 1068, 1070 (9th Cir. 2016) (citing S. Rep. No. 95-382, at 4 (1977)).

---

http://www.ftc.gov/system/files/documents/amicus_briefs/hernandez-v.williams-zinman-parham-p.c./140821briefhernandez1.pdf.

[2]    *See* Consumer Financial Protection Bureau, *Fair Debt Collection Practices Act—CFPB Annual Report 2018* at 15 (2018), https://www.consumerfinance.gov/data-research/research-reports/fair-debt-collection-practices-act-annual-report-2018/.

10. This case centers on Defendant's failure to comply with § 1692g(a)(2) by not specifying in a clear, intelligible manner the current creditors of the debts it seeks to collect.

## PARTIES

11. Kimberly K. Mona ("Plaintiff") is a natural person who at all relevant times resided in Oakland County, Michigan.

12. Plaintiff is obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

13. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, arose from a transaction in which the money, property, insurance, or services that are the subject of the transactions were incurred primarily for personal, family, or household purposes—namely, a personal loan (the "Debt").

14. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

15. Defendant is a law firm based in Oakland County, Michigan.

16. Defendant is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect the Debt from Plaintiff.

17. Upon information and belief, at the time Defendant attempted to collect the Debt from Plaintiff, the Debt was in default, or Defendant treated the Debt as if it was in default from the time that Defendant acquired the Debt for collection.

18. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or to regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

19. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

20. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

21. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to the claim occurred in this district, and as Defendant maintains its principal place of business in this district.

## FACTUAL ALLEGATIONS

22. On or about July 11, 2018, Defendant sent an initial written communication to Plaintiff in connection with the collection of the Debt.

23. A true and correct copy of the July 11, 2018 written communication is attached as Exhibit A.

24. The July 11, 2018 communication to Plaintiff was the first communication Plaintiff received from Defendant.

25. Plaintiff did not receive any other communications from Defendant within five days of the initial July 11, 2018 communication.

26. Relevant here, the July 11, 2018 communication to Plaintiff includes the following subject line:

> **Re: OneMain Financial Group, LLC as servicer for ("ASF") Wilmington Trust, N.A., as Issuer Loan Trustee for OneMain Financial Issuance Trust 2018-1 Original Creditor: OneMain Financial Group, LLC**

*See* Ex. A.

27. The body of Defendant's July 11, 2018 communication then opens with the following passage: "Please be advised that **OneMain Financial Group, LLC as servicer for**

4

**("ASF") Wilmington Trust, N.A., as Issuer Loan Trustee for OneMain Financial Issuance Trust 2018-1** has requested that our firm contact you regarding your past due account." *Id*.

28.     Defendant's July 11, 2018 communication continues: "The amount due on this account has been accelerated and the total amount outstanding is now due and owing. We may begin litigation proceedings on the above referenced account." *Id.*

29.     Defendant's July 11, 2018 communication violated 15 U.S.C. § 1692g(a)(2) by failing to clearly specify, in a manner in which the least sophisticated consumer could understand, the name of the creditor to whom the Debt was owed.

30.     To be sure, the letter refers to at least four separate entities purportedly connected in some way with the Debt:

- OneMain Financial Group, LLC.;
- Wilmington Trust, N.A.;
- OneMain Financial Issuance Trust 2018-1; and
- "We" and "this office" (i.e., Defendant).

31.     But nowhere in its July 11, 2018 communication does Defendant specify which of the foregoing entities is "the creditor to whom the [D]ebt is owed." *See* 15 U.S.C. § 1692g(a)(2).

32.     This is significant, because Defendant's initial communication must "make th[e] identification clearly enough that the recipient would likely understand it" for Defendant to satisfy its obligation under section 1692g(a)(2). *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 321 (7th Cir. 2016) (affirming liability under § 1692g(a)(2) for confusing debt collection letter).

33.     Here, Defendant's July 11, 2018 written communication refers to several different entities involved in some way with the Debt without clearly specifying to which of those entities the Debt is actually owed. *See* Ex. A.

34.     And compounding this potential confusion, Defendant's written communication refers to both a "servicer" and "Issuer Loan Trustee," leaving the reader to guess as to how these titles or affiliations affect the ownership of the Debt.

35.     "On its face, then, the letter failed to disclose the information that § 1692g(a)(2) required." *Janetos*, 825 F.2d at 322.

36.     Indeed, upon reviewing the July 11, 2018 letter, Plaintiff was confused as to which of the entities listed was the creditor then owed the Debt.

37.     Recently, the District of Maryland sustained a similar § 1692g(a)(2) claim based upon an allegedly misleading debt collection communication listing several entities associated with the alleged debt:

> Cohn argues that because the information in the Letter was accurate, the identity of the creditor to whom the debt is owed was effectively communicated to Smith. (ECF No. 9–1 at 5–10.) As explained above, not only must the information in the Letter be accurate, it must also be clearly communicated. *The language of Cohn's Letter requires the reader to be able to extrapolate the identity of the creditor to whom the debt is owed from the listed entities*, and further, understand the relationships between U.S. Bank National Association, as Trustee, for Residential Asset Securities Corporation, Home Equity Mortgage Asset–Backed Pass–Through Certificates, Series 2006–EXMI. (*Id.* at 7.) *The least sophisticated consumer could plausibly be confused by the list of entities in the Letter, and the relationship between the listed entities, without a "bizarre" or "unreasonable" interpretation of the Letter.*

*Smith v. Cohn, Goldberg & Deutsch, LLC*, No. 17-2291, 2017 WL 4921695, at *4 (D. Md. Oct. 31, 2017) (emphasis added).

38.     What's more, other district courts have reached similar results in analyzing comparable § 1692g(a)(2) claims. *See, e.g.*, *Long v. Fenton & McGarvey Law Firm P.S.C.*, 223

6

F. Supp. 3d 773, 779 (S.D. Ind. 2016) ("Based upon the text of the Letters, without more, a significant fraction of the population could question whether the current creditor is Jefferson Capital, Fenton & McGarvey, or Comenity Bank without requiring a 'bizarre, peculiar, or idiosyncratic interpretation.'") (quoting *McMillan v. Collection Prof'ls Inc.*, 455 F.3d 754, 758 (7th Cir. 2006)); *Datiz v. Int'l Recovery Assocs., Inc.*, No. 15-3549, 2016 WL 4148330, at *12 (E.D.N.Y. Aug. 4, 2016) ("The Court is not convinced that the least sophisticated consumer would be able to deduce from the caption, 'Re: John T. Mather Hospital,' that John T. Mather Hospital is the current creditor to whom the Plaintiff's debt is owed for purposes of Section 1692g(a)(2), particularly given the fact that the Letter does not specify the Defendant's relationship to John T. Mather Hospital.").

## CLASS ACTION ALLEGATIONS

39. Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of the following class:

> All persons (a) with a Michigan address, (b) to whom McNeely Law Group, P.C. mailed an initial debt collection communication not returned as undeliverable to McNeely Law Group, P.C., (c) in connection with the collection of a consumer debt, (d) in the one year preceding the date of this complaint, (e) which listed more than one entity affiliated with the alleged debt, (f) but failed to specify the current creditor of that debt.

40. Excluded from the class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had controlling interests.

41. The proposed class satisfies Rule 23(a)(1) because, upon information and belief, class members are so numerous that joinder of all of them is impracticable.

42. The exact number of class members is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

43. The proposed class is ascertainable because it is defined by reference to objective criteria.

44. In addition, and upon information and belief, the names and addresses of all members of the proposed class can be identified in business records maintained by Defendant.

45. The proposed class satisfies Rules 23(a)(2) and 23(a)(3) because Plaintiff's claims are typical of the claims of the members of the class.

46. To be sure, the claims of Plaintiff and all members of the class originate from the same conduct, practice, and procedure on the part of Defendant, and Plaintiff possesses the same interests and has suffered the same injuries as each member of the proposed class.

47. Plaintiff satisfies Rule 23(a)(4) because she will fairly and adequately protect the interests of the members of the class and has retained counsel experienced and competent in class action litigation.

48. Plaintiff has no interests that are irrevocably contrary to or in conflict with the members of the class that she seeks to represent.

49. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

50. Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the class to individually redress the wrongs done to them.

51. There will be no difficulty in the management of this action as a class action.

52. Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the class.

53. Among the issues of law and fact common to the class are:

    a. Defendant's violations of the FDCPA as alleged herein;

    b. Whether Defendant is a debt collector as defined by the FDCPA;

    c. the availability of statutory penalties; and

    d. the availability of attorneys' fees and costs.

## COUNT I: VIOLATION OF 15 U.S.C. § 1692g(a)(2)

54. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 53.

55. The FDCPA at 15 U.S.C. § 1692g(a)(2) provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

\* \* \* \*

(2) the name of the creditor to whom the debt is owed

56. Defendant's July 11, 2018 communication was its initial communication to Plaintiff.

57. The July 11, 2018 communication was sent in connection with an attempt to collect the Debt from Plaintiff.

58. The July 11, 2018 communication did not contain the disclosure required by 15 U.S.C. § 1692g(a)(2), nor did Defendant provide such disclosure within five days thereafter.

59. Specifically, the July 11, 2018 communication violated 15 U.S.C. § 1692g(a)(2) by failing to specify in a manner understandable to the least sophisticated consumer the name of the creditor to whom Plaintiff's Debt was then owed.

60. That is, given the confusing list of entities purportedly connected in some way to the Debt listed in Defendant's July 11, 2018 communication, the least sophisticated consumer would be left guessing as to which entity was actually owed the Debt at that time.

61. As a result, Defendant violated 15 U.S.C. § 1692g(a)(2).

62. The harm suffered by Plaintiff is particularized in that the violative initial debt collection letter at issue was sent to her personally, regarded her personal alleged debt, and failed to give her statutorily-mandated disclosures to which she was entitled.

63. "Section 1692g furthers th[e] purpose [of protecting debtors from abusive debt collection activity] by requiring a debt collector who solicits payment from a consumer to provide that consumer with a detailed validation notice, which allows a consumer to confirm that he owes the debt sought by the collector before paying it." *Papetti v. Does 1-25*, 691 F. App'x 24, 26 (2d Cir. 2017).

64. And the content of the July 11, 2018 communication created a material risk of harm to the concrete interest Congress was trying to protect in enacting the FDCPA. *See, e.g.*, *Zirogiannis v. Seterus, Inc.*, No. 17-140, 2017 WL 4005008, at *2 (2d Cir. Sep. 12, 2017) (concluding "that the specific procedural violation alleged in the amended complaint presents a material risk of harm to the underlying concrete interest Congress sought to protect with the FDCPA").

65. Specifically, where a consumer is not told the current creditor of her Debt, she has no way of assessing whether that Debt is, in fact, hers.

66. In addition, Defendant's actions invaded a specific private right created by Congress, and the invasion of said right creates the risk of real harm. *See Church v. Accretive Health, Inc.*, 654 F. App'x 990, 995 (11th Cir. 2016).

**WHEREFORE**, Plaintiff respectfully requests relief and judgment as follows:

A. Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

B. Adjudging and declaring that Defendant violated 15 U.S.C. § 1692g(a)(2);

C. Awarding Plaintiff and members of the class statutory damages pursuant to 15 U.S.C. § 1692k;

D. Awarding members of the class any actual damages incurred, as applicable, pursuant to 15 U.S.C. § 1692k;

E. Enjoining Defendant from future violations of 15 U.S.C. § 1692g(a)(2) with respect to Plaintiff and the class;

F. Awarding Plaintiff and members of the class their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. § 1692k and Rule 23 of the Federal Rules of Civil Procedure;

G. Awarding Plaintiff and members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

H. Awarding other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

Dated:  September 12, 2018

Respectfully submitted,

/s/ *James L. Davidson*
James L. Davidson
FL Bar No. 723371
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431

11

        Tel: (561) 826-5477
        Fax: (561) 961-5684
        jdavidson@gdrlawfirm.com

        Counsel for Plaintiff and the proposed class

        Ronald S. Weiss
        7035 Orchard Lake Road, Suite 600
        West Bloomfield, MI 48322
        Tel: (248) 737-8000
        Fax: (248) 737-8003
        rweiss@michiganlemonlaw.com

        Local Counsel for Plaintiff and the proposed class