UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBERLY K. MONA,

    Plaintiff,                                        Civil Action No. 18-CV-12848

vs.                                                   HON. BERNARD A. FRIEDMAN

MCNEELY LAW GROUP, P.C.,

    Defendant.
_____/

**OPINION AND ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS, COMPELLING ARBITRATION, AND STAYING FURTHER PROCEEDINGS PENDING COMPLETION OF ARBITRATION**

        This matter is presently before the Court on defendant's motion to dismiss and to compel arbitration [docket entry 8] and on defendant's motion for a protective order to stay discovery [docket entry 13]. Plaintiff has responded to both motions, and defendant has replied. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide these motions without a hearing.

        This is a debt collection practices case. In July 2017, plaintiff Kimberly Mona of Rochester Hills, Michigan, applied to OneMain Financial Group, LLC ("OneMain") in neighboring Troy, Michigan, for a $4,000 loan, the reason for the loan being "pool for backyard." Def.'s Mot. to Dismiss, Ex. 1. Plaintiff indicated on the loan application that she was indebted to approximately twenty creditors, including her mortgage lender, various retailers, banks, credit unions, and credit card companies. She also owed substantial balances on two late model cars. Although plaintiff's monthly obligations on her total indebtedness of over $700,000, combined with her other living expenses, appeared to overwhelm her monthly income, OneMain agreed to lend plaintiff the requested amount at an annual interest rate of 27.93%, to be repaid in 48 monthly installments.

        Plaintiff defaulted. In July 2018, defendant McNeely Law Group, P.C., a Rochester

Hills law firm, sent her a letter stating:

> Please be advised that OneMain Financial Group, LLC as servicer for ("ASF") Wilmington Trust, N.A., as Issuer Loan Trustee for OneMain Financial Issuance Trust 2018-1 has requested that our firm contact you regarding your past due account.

Compl. Ex. 1.[1] This letter also stated the payoff balance and the account number.

Presumably on the theory that the best defense is a strong offense, plaintiff reacted to defendant's letter by commencing the instant action. According to plaintiff's complaint, by sending this letter defendant violated a provision of the Fair Debt Collection Practices Act ("FDCPA") because the letter allegedly does not, as required by 15 U.S.C. § 1692g(a)(2), indicate "the name of the creditor to whom the debt is owed." Compl. ¶ 7. Plaintiff seeks class certification,[2] statutory and actual damages, injunctive and declaratory relief, costs, attorney fees, expert fees, and pre- and post-judgment interest. Nowhere, however, does plaintiff indicate that she has any

---

[1] Similarly, the "Re" line of this letter above the salutation stated:

> OneMain Financial Group, LLC as servicer for ("ASF")
> Wilmington Trust, N.A., as Issuer Loan Trustee for OneMain
> Financial Issuance Trust 2018-1
> Original Creditor: OneMain Financial Group, LLC
> Payoff as of 06/28/2018: 3906.25
> Account No: [redacted]

[2] The class plaintiff proposes would consist of

> All persons (a) with a Michigan address, (b) to whom McNeely Law Group, P.C. mailed an initial debt collection communication not returned as undeliverable to McNeely Law Group, P.C., (c) in connection with the collection of a consumer debt, (d) in the one year preceding the date of this complaint, (e) which listed more than one entity affiliated with the alleged debt, (f) but failed to specify the current creditor of that debt.

Compl. ¶ 39.

intention to repay her swimming pool loan.

This claim is patently frivolous. Defendant's letter to plaintiff plainly stated the name of the creditor, OneMain Financial Group, LLC. The purpose of this statutory requirement, as plaintiff notes in her complaint, is to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." Compl. ¶ 9 (quoting *Hernandez v. Williams, Zinman & Parham PC*, 829 F.3d 1068, 1080 (9th Cir. 2016)). No such problem exists in this instance. Plaintiff defaulted after borrowing money from OneMain Financial Group, LLC, and the name of this creditor is included in defendant's dunning letter.

However, defendant does not seek dismissal of the complaint for failure to state a claim. Rather, defendant seeks dismissal on the grounds that plaintiff's claim is subject to an arbitration agreement, found at section C of the loan agreement, which states in relevant part:

> **CLAIMS AND DISPUTES COVERED.** Except for those claims mentioned below under the heading "MATTERS NOT COVERED BY ARBITRATION," Lender and I agree that either party may elect to resolve all claims and disputes between us ("Covered Claims") by BINDING ARBITRATION. This includes, but is not limited to, all claims and disputes arising out of, in connection with, or relating to:
>
>> This Agreement with Lender; . . . whether the claim or dispute must be arbitrated; the validity and enforceability of this Arbitration Agreement . . . ; any claim based on or arising under any federal, state, or local law . . . ; any claim for damages or attorneys' fees; and any claim for injunctive, declaratory, or equitable relief.
>
> **COVERED CLAIMS AGAINST THIRD PARTIES.** This Arbitration Agreement also covers any claim or dispute between me and any of Lender's employees, officers, agents, or directors; . . .

Def.'s Mot. to Dismiss, Ex. 2 (PageID 62). Plaintiff opposes this motion on the grounds that defendant is not a party to the loan agreement (or to the incorporated arbitration agreement), and

3

therefore cannot invoke it; that defendant has not shown it was acting as OneMain's agent when it sent plaintiff the offending letter; that defendant, as a nonsignatory to the loan agreement, cannot compel plaintiff to arbitrate; that plaintiff's FDCPA claim is independent from the loan agreement; and that, for all of these reasons, defendant cannot enforce the "class action waiver provision" of the loan agreement.

Arbitration agreements are enforceable and, indeed, favored by the federal courts as a speedy, fair, and efficient alternative to litigation. *See, e.g., Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983) (noting the "liberal federal policy favoring arbitration agreements"). For this reason, arbitration agreements can encompass nonparties to the arbitration agreement who are related to an arbitrable dispute. *See Arnold v. Arnold Corp.*, 920 F.2d 1269, 1281 (6th Cir. 1990) (agreeing with the statement that if a party "can avoid the practical consequences of an agreement to arbitrate by naming nonsignatory parties . . . in his complaint . . . the effect of the rule requiring arbitration would, in effect, be nullified" and adopting the rule of law that "nonsignatories of arbitration agreements may be bound by the agreement under ordinary contract and agency principles"). Doubts concerning arbitrability are resolved in favor of arbitration. *See Moses H. Cone*, 460 U.S. at 24-25. If the arbitration clause is worded broadly, "only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail" to avoid arbitration. *United Steelworkers of Am. v. Warrior and Gulf Navigation Co.*, 363 U.S. 574, 585 (1960).

In the present case, the arbitration provision of the loan agreement is worded quite broadly. It encompasses "all claims and disputes arising out of, in connection with, or relating to" the loan agreement, including "any claim based on or arising under any federal, state, or local law"

4

and "any claim for damages or attorneys' fees" and "any claim for injunctive, declaratory, or equitable relief." Plainly, the instant dispute has a connection with and relates to the loan agreement, as defendant's letter to plaintiff was prompted by plaintiff's failure to repay the loan as required by the loan agreement. Although defendant is not a party to the loan agreement, defendant is nonetheless encompassed by the arbitration provision, which "covers any claim or dispute between [plaintiff] and any of Lender's . . . agents." In writing the letter at issue in this case, defendant was acting as OneMain's agent because, as defendant stated therein, "OneMain Financial Group, LLC . . . has requested that our firm contact you regarding your past due account." *See also Arnold, supra.*

Under the Federal Arbitration Act, 9 U.S.C. §§ 3 and 4, the Court is required to stay this action and order the parties to submit this dispute to arbitration in accordance with their agreement. Accordingly,

IT IS ORDERED that defendant's motion to compel arbitration is granted. If plaintiff wishes to proceed with this claim, she must do so in accordance with the "arbitration rules and procedures" that are laid out in the arbitration agreement.

IT IS FURTHER ORDERED that proceedings in this matter in this Court are stayed. The Clerk of Court shall close this matter for administrative purposes. Either party may reopen the case by filing an appropriate motion after completing arbitration.

IT IS FURTHER ORDERED that defendant's motion for a protective order is denied as moot. It will be for the arbitrator to determine the scope of any discovery to be permitted.


Dated: January 7, 2019
Detroit, Michigan

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE